UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
LENA LASHER,

                Plaintiff,

   - against -

LOUIS FREEMAN, ESQ.; FREEMAN,
NOOTER, AND GINSBERG LAW FIRM;
and NADJIA LIMANI, ESQ.,

                Defendants.
----------------------------------X

**MEMORANDUM AND ORDER**

17 Civ. 6388 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

## I. INTRODUCTION

Pro se plaintiff Lena Lasher was convicted of misbranding prescription drugs, conspiracy to misbrand prescription drugs, conspiracy to commit mail and wire fraud, mail fraud, and wire fraud, and sentenced by this Court to 36 months' imprisonment. Lasher asserts claims for malpractice and negligence against her trial counsel Louis Freeman, Freeman's associate Nadjia Limani, and their law firm, Freeman, Nooter & Ginsberg (the "Law Firm"). Defendants now move to dismiss. For the following reasons, that motion is granted.

## II. BACKGROUND

In January 2013, defendant Louis Freeman was appointed as CJA counsel to plaintiff Lena Lasher, who was facing a seven-count indictment arising from her alleged involvement in an internet

1

pharmacy scheme.  Defendant Nadjia Limani was appointed as associate counsel, but never examined a witness or spoke substantively on the record.  Lasher went to trial, and in May 2015, a jury convicted her of misbranding prescription drugs, conspiracy to misbrand prescription drugs, conspiracy to commit mail and wire fraud, mail fraud, and wire fraud.  The jury also found that Lasher was not guilty of witness tampering.  The Second Circuit affirmed her conviction, United States v. Lasher, 661 F. App'x 25 (2d Cir. 2016), and the Supreme Court denied her petition for certiorari, Lasher v. United States, 137 S. Ct. 2254 (2017).  This Court also denied Lasher's pro se habeas corpus petition pursuant to 28 U.S.C. § 2255.  Lasher v. United States, No. 17 Civ. 5925, 12 Cr. 868 (NRB), 2018 WL 3979596 (S.D.N.Y. Aug. 20, 2018).

In the operative amended complaint, Lasher asserted claims for legal malpractice and negligence.  Am. Compl., Jan. 17, 2018, ECF No. 23.  Defendants moved to dismiss, arguing that the legal malpractice claim is insufficient as a matter of law, that the negligence claim is duplicative of the malpractice claim, and that the Law Firm cannot be sued for legal malpractice.  Mem. of Law, Feb. 12, 2018, ECF No. 29.  After the motion was fully briefed, Lasher filed two further motions without leave from the Court requesting that New Jersey law be applied to her case.  Mot., July 11, 2018, ECF No. 36; Mot., Aug. 8, 2018, ECF No. 37.

## III. DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). On a motion to dismiss, the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in plaintiffs' favor. City of Providence v. BATS Global Mkts., Inc., 878 F.3d 36, 48 (2d Cir. 2017). Nevertheless, plaintiffs' factual allegations must "be enough to raise a right of relief above the speculative level, on the assumption that all of the allegations in the complaint are true." Twombly, 550 U.S. at 555 (internal citations omitted).

Pro se plaintiffs, such as Lasher here, are "entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)). "Even in a pro se case, however, 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a case of action, supported by mere conclusory statements, do not suffice.'" Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009)).

3

Before we address the substance of plaintiff's malpractice claim, we must first address the issue of choice of law. While her memorandum of law in opposition to the motion to dismiss was silent on this issue, plaintiff has since filed two motions insisting that New Jersey law should apply because it "allows a civil action of legal malpractice and negligence claim to PROCEED without the requirement of a reversal of her conviction." Mot. at 1, July 11, 2018, ECF No. 36; see also Mot., Aug. 8, 2018, ECF No. 37.

It goes without saying that our choice of law analysis cannot be determined by which state's law is more favorable to the plaintiff. Rather, in a diversity action, a federal court must apply the choice of law rules of the state in which the court sits, Chrysler Capital Realty, Inc. v. Grella, 942 F.2d 160, 162 (2d Cir. 1991), and New York's choice-of-law rules dictate that we apply the laws of the jurisdiction with the greatest interest in the litigation, Licci v. Lebanese Canadian Bank, SAL, 672 F.3d 155, 157 (2d Cir. 2012) (quoting GlobalNet Financial.Com, Inc. v. Frank Crystal & Co., 449 F.3d 377, 384 (2d Cir. 2006)).

There is no question that New York's interest predominates here: defendants Freeman and Limani are members of the New York Bar, the Law Firm is located in New York, and Lasher's trial took place in New York. See Wolfson v. Moskowitz, No. 08 Civ. 8796 (DLC) (JCF), 2009 WL 1515674, at *5 (S.D.N.Y. June 1, 2009) ("In

4

a legal malpractice case, New York's interest is predominant when the attorney being sued is licensed in New York and the underlying trial took place in New York."); LNC Inv., Inc. v. First Fidelity Bank, N.A., 935 F. Supp. 1333, 1350-51 (S.D.N.Y. 1996) ("A state has a strong interest in regulating the conduct of a law firm licensed to practice within its borders, and a law firm consents to be so regulated when it locates its offices in a particular state."); see also Lasher v. Stavis, No. 17 Civ. 6632 (JPO), 2018 WL 2976016, at *2 n.2 (S.D.N.Y. June 13, 2018), appeal docketed, No. 18-2039 (2d Cir. July 10, 2018) (applying New York law to a legal malpractice claim by Lasher against her appellate attorney). Accordingly, plaintiff's claims are governed by New York law.

To state a claim for legal malpractice under New York law, a plaintiff must allege: "(1) a duty, (2) a breach of the duty, and (3) proof that the actual damages were proximately caused by the breach of the duty." Ocean Ships, Inc. v. Stiles, 315 F.3d 111, 117 (2d Cir. 2002) (quoting Tinelli v. Redl, 199 F.3d 603, 606 (2d Cir. 1999)). When a claim for legal malpractice arises from an attorney-client relationship in a criminal proceeding, "plaintiff must allege [her] innocence or a colorable claim of innocence of the underlying offense, for so long as the determination of [her] guilt of that offense remains undisturbed, no cause of action will lie." Klein v. Talkin, Muccigrosso & Roberts, L.L.P., 415 F. App'x 288, 289 (2d Cir. 2011) (quoting Carmel v. Lunney, 70 N.Y.2d 169,

5

173, 511 N.E.2d 1126 (1987)). In order to assert their innocence, "criminal defendants must free themselves of the conviction, for the conviction precludes those potential plaintiffs from asserting innocence in a civil suit." Britt v. Legal Aid Soc'y, 95 N.Y.2d 443, 447, 741 N.E.2d 109, 112 (2000). "It is only when the criminal proceeding has been terminated without a conviction that a plaintiff can assert innocence or at the very least a colorable claim thereof." Id. at 448; see Rosado v. Legal Aid Soc'y, 12 A.D.3d 356, 357, 784 N.Y.S.2d 154 (2d Dep't 2004) ("[P]ublic policy prevents the maintenance of a malpractice action where the plaintiff cannot assert [her] innocence.").

Here, plaintiff was found guilty by a jury at trial, her conviction was affirmed by the Second Circuit, United States v. Lasher, 661 F. App'x 25 (2d Cir. 2016), and her petition for a writ of certiorari was denied, Lasher v. United States, 137 S. Ct. 2254 (2017). Plaintiff's petition for habeas corpus under 28 U.S.C. § 2255 has also been denied by this Court. Lasher v. United States, No. 17 Civ. 5925, 12 Cr. 868 (NRB), 2018 WL 3979596 (S.D.N.Y. Aug. 20, 2018). Because plaintiff's conviction stands, her legal malpractice claim must be dismissed. Moreover, Mr. Freeman's performance in plaintiff's criminal trial before this Court was highly capable and professional, and we reject plaintiff's assertion that defendants breached their duty to her in any way.

Plaintiff's claim for negligence also fails because it "arise[s] from the same facts as [her] legal malpractice claim and do[es] not allege distinct damages." Mecca v. Shang, 258 A.D.2d 569, 570, 685 N.Y.S.2d 458, 460 (2d Dep't 1999).

## IV.  CONCLUSION

Defendants' motion to dismiss is therefore granted. The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 16, 24, 28, 32, and 37, enter judgment for defendants, and close this case.

Dated:  New York, New York
        August 23, 2018

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE