```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
LENA LASHER,

                    Plaintiff,             MEMORANDUM AND ORDER

        - against -                        17 Civ. 6388 (NRB)

LOUIS FREEMAN, ESQ.; FREEMAN,
NOOTER, AND GINSBERG LAW FIRM;
and NADJIA LIMANI, ESQ.,

                    Defendants.
----------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Pro se plaintiff Lena Lasher moves under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the Clerk's judgment issued on Augusut 27, 2018 granting defendant's motion to dismiss the case in its entirety for the reasons set forth in our August 23, 2018 Memorandum and Order. Lasher argues that the Court "illegally dismissed [her] civil action" because, approximately two hours prior to the issuance of the August 23, 2018 Memorandum and Order, the Court's mailroom received Lasher's respective motions requesting recusal of the undersigned and change of venue or application of New Jersey law. Mot. ¶ 3, Sept. 21, 2018, ECF No. 47. These belated and unanticipated applications to the Court – received over six months after the case was reassigned and five months after defendants' motion to dismiss was fully briefed – are not proper grounds for reinstating the instant action. Moreover,

we have already considered and rejected their merits, either directly, see Mem. and Order, Aug. 23, 2018, ECF No. 38 (rejecting the argument that New Jersey law applies); Mem. Endorsement, Aug. 27, 2018, ECF No. 42 ("Plaintiff's motion to change venue is frivolous."), or in addressing analogous requests for relief, see Order, No. 12-cr-868, ECF No. 375 (denying Lasher's motion for recusal of the undersigned on grounds similar to those presented here); Mem. and Order, Sept. 6, 2018, ECF No. 45 (denying Lasher's motion to object to the reassignment of the instant action to this Court). Accordingly, even assuming that Lasher's motions were "filed" when the mailroom received them, their pendency provides no basis for altering or amending the Clerk's judgment.

By the Court's count, Lasher has now filed approximately 60 unsuccessful motions in her criminal and civil actions before this Court. While we have afforded her significant leeway given her status as a pro se plaintiff, we are approaching a point where the Court must consider the imposition of a filing injunction prohibiting Lasher from filing future motions without first obtaining leave from the Court. We trust that she will heed the Court's forewarning and are hopeful that such action will prove unnecessary.

Dated: New York, New York
April 9, 2019

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

A copy of the foregoing Order has been mailed on this date to the following:

Lena Lasher
16 Patton Street
High Bridge, NJ 08829

3